**FILED**

2014 SEP 11   A 8: 31

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Washington Field Office<br>131 M Street, N.E.<br>Washington, D.C. 20507<br><br>            Plaintiff,<br><br>    v.<br><br>GOLDMINE WORLD, INC. d/b/a/<br>World Bankcard Services<br>10855 Fairfax Blvd., Third Floor<br>Fairfax, VA 22030<br><br>            Defendant. | Civil Action No. 1:14-CU-1206<br>(CMH/TCB)<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et seq*. ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A, to correct unlawful employment practices on the basis of sex and to make whole Charging Party Jungmin Song ("Song"). As alleged with greater particularity in Paragraphs 7 and 8 below, the Equal Employment Opportunity Commission alleges that Defendant's president, Sung Bin Im, subjected Song to a sexually hostile work environment while she was employed with Defendant as a customer service representative. The hostile work environment culminated in Song's constructive discharge.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia, Alexandria Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant GOLDMINE WORLD, INC. d/b/a/ World Bankcard Services ("Defendant World Bankcard Services") has continuously been and is now a C Corporation doing business in the Commonwealth of Virginia and the County of Fairfax, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant World Bankcard Services has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Song filed a charge with the Commission alleging violation of Title VII by Defendant World Bankcard Services.   All conditions precedent to the institution of this lawsuit are fulfilled.

7.      During the course of Song's employment, Defendant World Bankcard Services engaged in unlawful employment practices, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting her to a sexually hostile and offensive work environment.   Incidents of Defendant's President Im's harassment include, but are not limited to:

a.      Frequent sexual touching, such as putting his hands on Song's back, neck, and shoulders, stroking her arms; touching her hair; clasping her hands; putting his hands in her armpits so that they would brush against her breast; pulling her face close to his; touching her knee; pulling her in between his legs so that their bodies were in direct contact; hugging her tightly; and

b.      Frequent sexual comments, such as telling Song that she was "skinny" and that was "nice" or "good"; telling her that she had a "nice body shape"; telling her that the "baby hair" on her face meant that she was "still young" and that was "good"; when she wore sleeveless shirts or clothes that showed her legs, telling her that her clothes "look good" or "look pretty" on her; and putting his hands on her body and saying, "baby skin."

8.      As a result of the persistent harassment, Song was constructively discharged around May 14, 2013.  Her constructive discharge was preceded by the events below:

a.      As Defendant's harassment persisted, Song complained to supervisory level employees about the harassment, but the employees told her that they were unable to address her allegations because of Im's status as president of Defendant's company; and

b.      Defendant's sexual harassment policy in effect at the time the events in question took place, did not provide any recourse to employees who were subjected to harassment by the president of the company, thereby lacking an effective mechanism to investigate and resolve such complaints.

9.      The effect of the practices complained of in Paragraphs 7 and 8, above, has been to deprive Song of equal employment opportunities, and otherwise adversely affected her status as an employee because of her sex, in violation of Title VII.

10.     The unlawful employment practices complained of in Paragraphs 7 and 8, above, were intentional.

11.     The unlawful employment practices complained of in Paragraphs 7 and 8, above, were done with malice or with reckless indifference to the federally protected rights of Song.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant World Bankcard Services, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment and from constructively discharging its victims;

B.      Order Defendant World Bankcard Services to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which eradicate sexual harassment, which prevent sexual harassment from occurring in the future, and which eradicate the effects of past and present unlawful employment practices;

C.      Order Defendant World Bankcard Services to make Song whole by providing her appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other

4

affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and/or reinstatement;

D.      Order Defendant World Bankcard Services to make Song whole by providing her compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 7 and 8;

E.      Order Defendant World Bankcard Services to make Song whole by providing her compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in Paragraphs 7 and 8, including but not limited to emotional pain, suffering, depression, inconvenience, loss of enjoyment of life, embarrassment, degradation, and humiliation;

F.      Order Defendant World Bankcard Services to pay Song punitive damages for its malicious and reckless conduct described in Paragraphs 7 and 8, in amounts to be determined at trial;

G.      Grant such further relief as the Court deems necessary and proper in the public interest; and

H.      Award the Commission its costs in this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by the Complaint.

DATED this the ⎱⎱ of September, 2014.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE

5

25

Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

MARIA MOROCCO
Supervisory Trial Attorney

TANISHA R. WILBURN
Trial Attorney
U.S. EEOC
Washington Field Office
131 M Street, N.E. Suite 4NW02F
Washington, D.C. 20507
Phone: 202-419-0712
Fax: 202-419-0739
tanisha.wilburn@eeoc.gov
Federal Bar No. 19271

_____
DAVID STAUDT
Trial Attorney
U.S. EEOC
Baltimore Field Office
City Crescent Building
10 South Howard Street, 3rd Floor
Baltimore, MD 21201
Phone: 410-209-2249
Fax:  410-962-4270
david.staudt@eeoc.gov
Virginia State Bar No.  47442

ATTORNEYS FOR PLAINTIFF

6